(No. 47186

WILLIAM O. ALLEN, Appellant, v. THE INDUSTRIAL COMMISSION *et al.,*—(International Harvester Company, Appellee.)

*Opinion filed June 2, 1975.—Rehearing denied September 24, 1975.*

Meyers and Rothstein, of Chicago (Leonard L. Leon, of counsel), for appellant.

Kane, Doy & Harrington, of Chicago (Arthur O. Kane, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

William O. Allen, an employee of the International Harvester Company, was injured in the course of his employment on March 12, 1967. The arbitrator entered an award for the employee for 10% loss of use of the left arm. The employee petitioned for review, and the Industrial Commission sustained the award. Again on petition of the employee, the circuit court of Cook County reviewed the decision of the Industrial Commission and entered an order confirming the same. The employee has appealed to this court.

William O. Allen, the employee, had worked for International Harvester Company since 1959. On March 12, 1967, he was 42 years old. On that date, while unloading a furnace, he slipped and fell to the floor, striking his left arm, left hip and left leg. Immediately after the accident he had pain in his back, his left leg and his left foot. However, he finished working the rest of his shift, and the next day he reported the accident to the company nurse. He told the nurse that he had slipped and hurt his back and had pain in his back, left leg and foot. The nurse told him that he would have to see the company doctor who would be at the plant on Mondays and Fridays. Allen returned the following Friday, and the nurse, after consulting Dr. Vil, told Allen that Dr. Wachowski would handle his case and that he would have to return on another day to see the doctor. He went to the dispensary each Monday and Friday but did not get to see Dr. Wachowski until April 21, approximately six weeks after the injury. The doctor told him that he thought Allen had suffered a sprain and that it would be all right and that he should come back in 60 days. Allen continued to see Dr. Wachowski intermittently until January 22, 1968. During all of this time Allen had continued to work at his regular job but had severe pain in his back, his left leg and his foot. On January 22, 1968, Dr. Wachowski again told

Allen he thought he had a sprain, that there was nothing to worry about. He stated that he was going to release Allen because he did not think that there was anything wrong and that he could go to a doctor of his own choice.

Thereafter, about February 15, 1968, Allen consulted Dr. Filippi for the pain in his back and leg, as well as for a nasal problem which caused difficulty in breathing. On March 24, 1968, Dr. Filippi had Allen admitted to a hospital. Although the employer contends that the admission to the hospital was for the nasal problem and not connected with the injury Allen sustained at work, the hospital admission sheet shows that the diagnosis upon admission to the hospital in addition to stating "deflected nasal septum" also states "lower lumbar nerve root compression." While in the hospital, surgery was performed on his nose. Dr. Filippi then called an orthopedic surgeon for consultation, and following tests a hemilaminectomy was performed at the L4-L5 level of the spine. He was in the hospital approximately three weeks. On July 18, 1968, because of continued back pain, he was again hospitalized, and further surgery was performed to remove a hematoma and some additional disc material at the site of the original surgery.

In December, 1968, Allen was again hospitalized for stomach surgery due to an ulcer condition. On May 27, 1969, he was hospitalized again because of his back pain, and a spinal fusion was performed at that time. In November, 1969, he was again hospitalized because of his ulcer. In April, 1970, he was hospitalized for a nervous condition, and in December of 1970 he was again hospitalized, at which time surgery was performed on his left foot to relieve the pain he was having on the bottom of his foot. At that time surgery was performed on the scrotal sac to reduce swelling in that area.

Dr. Filippi then stated that in his opinion there is a cause-and-effect relationship between the accident which Allen had in March, 1967, and his present condition. He

also stated that he did not think Allen could perform any type of manual labor. Whatever work he could perform would have to be very "menial." It would have to be the type of work where he would just sit around. He could not do any work that involved bending, stooping, or turning, or the use of his arms or legs for long periods of time. He also stated that he thought that Allen's condition was permanent.

The employer offered the testimony of Dr. Carlo Scuderi, an orthopedic surgeon who had examined Allen in January, 1970. His findings, he testified, included a pronounced loss of motion in the back, complaint of discomfort upon application of pressure in the area of fusion, some residual restriction of stretching of the sciatic nerve due to fibrosis of the surrounding structures of the lower back, a definite limp in Allen's walk, some atrophy of the left leg and a decreased sensation of the inner aspect of the left calf and dorsal surface of the left foot. Dr. Scuderi testified that Allen could be gainfully employed but could not do anything that required physical activities such as stooping or lifting. His work would have to be confined to that of a clerical nature during which he would be sitting most of the time.

The only other witness to testify for the employer was Harry Winn, supervisor of employees' insurance claims for International Harvester. He had prepared a list summarizing all benefit payments that had been made to Allen under a fund created and paid for by the employer. These summaries were introduced into evidence and listed all of the various benefit payments that had been made. At the beginning of the summary, Winn included this statement: "On Mr. Allen's initial statement of claim, he did not claim that his disability arose out of and in the course of his employment with the company. Therefore, no workmen's compensation benefits for lost time were deducted from any weekly benefits paid to Mr. Allen." Winn did not testify from what source he obtained this information.

From the statement in the summary it presumably was derived from some document. The document, however, was not introduced as evidence, nor did anyone testify as to its contents. From this summary one cannot know whether Allen had stated that his disability did not arise out of his employment or that he simply did not state that it did. Also, it was not shown who made or executed the statement or the circumstances under which it was made or executed. In any event, the summary sheets were introduced to show the various payments that had been made to Allen from this fund and not as evidence that the disability did not arise out of his employment.

The employer introduced a letter which Dr. Filippi had written to the insurance supervisor at International Harvester on April 5, 1971, stating that although Allen was still suffering back pain he was capable of doing light work which would not require heavy lifting or a lot of bending and requested that such work be given to him.

The employer also argues that Allen had a long history of back trouble as revealed by the history that he gave to the consulting orthopedic surgeon prior to his initial back surgery in March, 1968. This report reveals that Allen had discomfort in his back dating to 1959 or 1960. He had been hospitalized twice for this ailment, the last time in 1964. The history also states that although the symptoms had been relatively constant they did not interfere with his work and that the present complaint developed about a year before the examination when Allen slipped at work.

The employer urges that the issues raised are questions of fact and that the decision of the Industrial Commission should be affirmed unless contrary to the manifest weight of the evidence. The employee contends that the decision of the Industrial Commission is contrary to the manifest weight of the evidence and asks this court to reverse the order of the circuit court and remand the cause to the Industrial Commission with instructions to enter an award for total and permanent disability.

We affirm the oft-stated general rule that the determination of disputed questions of facts, the credibility of the witnesses and the resolution of conflicting testimony are within the province of the Industrial Commission. (See *Swift and Co. v. Industrial Com.*, 52 Ill.2d 490; *Saldana v. Industrial Com.*, 53 Ill.2d 222.) Taking into consideration these rules, we nevertheless are persuaded that the decision of the Industrial Commission is against the manifest weight of the evidence.

The only evidence concerning the cause of Allen's present condition was given by Allen and Dr. Filippi. Allen testified as to his fall at work, the pain in his back, left leg and foot and the continued pain in those areas to the date of the hearing. Dr. Filippi testified that in his opinion there was a causal connection between Allen's injury and his present condition. Dr. Scuderi did not express an opinion on this point. The history contained in the report of the consulting orthopedic surgeon does not contradict this causal connection. It only shows that he had previously had a back problem which did not interfere with his work and that his present difficulty began on the date he slipped and fell at work.

Also the mere fact that Allen received disability benefits will not defeat his right to recover. We have held that an employee could not be charged with an admission that the injury did not arise out of her employment if the form claiming the nonoccupational benefits was not filled out by her or under her authorization. (*Pheoll Manufacturing Co. v. Industrial Com.*, 54 Ill.2d 119.) In the case before us we do not know in what manner the application for nonoccupational disability benefits was made. We do not know if Allen executed a form applying for these benefits. If he did, the form was not introduced into evidence, nor did anyone testify as to its contents. Therefore, we do not know what representations were made to the company to secure these disability benefits, nor do we know who made them.

The evidence clearly shows that as a result of the occurrence at work on March 12, 1967, Allen sustained a permanent injury to his back, left leg and foot. The failure of the Industrial Commission to award compensation for this injury is against the manifest weight of the evidence. The judgment of the circuit court of Cook County is therefore reversed and the cause remanded to the Industrial Commission. We cannot, however, as urged by the employee, direct that the Commission enter an award for total and permanent disability. Determining the extent of disability is peculiarly within the province of the Industrial Commission. The evidence as to the extent of the disability in this case is such that reasonable persons might differ as to whether Allen is entitled to an award for total and permanent disability. We therefore remand the cause to the Industrial Commission to determine the award to which Allen is entitled as a result of the permanent disability he sustained to his back, left leg and foot.

*Reversed and remanded, with directions.*