(No. 47466.—

SPIEGEL, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Raymond Perez, Appellee.)

*Opinion filed October 1, 1976.*

Kane, Doy & Harrington, of Chicago (Samuel J. Doy, of counsel), for appellant.

Joseph M. Tobias, Ltd., of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The employer, Spiegel, Inc., has appealed from a decision of the circuit court of Cook County, confirming the Industrial Commission's decision in favor of Raymond Perez, the employee. The Commission had affirmed the arbitrator's award to the employee of compensation for 25% loss of use of each leg, 31 1/7th weeks of temporary total compensation, and $1,138.05 for medical expenses. We affirm.

The employee, Raymond Perez, testified that he injured his back on August 31, 1970, when he slipped and fell while pushing a crate. Apparently no supervisory personnel were present at the time and a co-worker, Jose Betance, helped Perez go to the main office where, the employee stated, he reported the accident to the construc-

tion superintendent's secretary. The co-worker did not testify for either side at any of the proceedings. Perez testified that after work that day he went to see his doctor, who sent him to the hospital. He was admitted to Roosevelt Memorial Hospital that evening where he remained for about 20 days. He testified that the morning after the accident he called the construction supervisor, Frank Vilimek, to inform him of the injury, and later that day the union steward, Simon Rodriquez, visited Perez in the hospital.

In April 1969 Perez, while working for the same employer, had injured his back while lifting a piece of pipe. He missed about two weeks of work at that time and was placed on light duty when he returned to the job. He worked steadily until the accident in question, although he consulted doctors concerning the injury until a few weeks before August 31, 1970.

The employer's evidence contradicts Perez' testimony in several respects. Vilimek denied being notified of the injury by telephone the day after the injury. Rodriquez denied that Perez told him of his injury when he visited him in the hospital shortly after the accident. Perez had testified that he had notified the construction superintendent's secretary of the accident and stated that the secretary's name was Mary. The construction superintendent's secretary's name was Mary O'Keefe. The employer's personnel records showed that Mary O'Keefe had quit work on May 15, 1970, several months before the occurrence.

Perez' personal doctor had referred him to Dr. Smith for treatment. Dr. Smith testified that Perez was suffering from an arthritic condition in his back of long duration; that the injury in April 1969 had aggravated that condition and that his present condition of ill-being is permanent and is not reversible. He also stated that the latest incident, which occurred shortly before Perez was hospitalized, was a competent cause for producing the

present condition. He based his opinion on the fact that after the April 1969 injury Perez was hospitalized for a short period and then was able to return to work, whereas following the latest incident he had acute symptoms that required hospitalization and treatment and has not been able to return to work.

Relying on *United States Steel Corp. v. Industrial Com.* (1956), 8 Ill.2d 407, the employer contends that the decision of the Industrial Commission must be reversed as against the manifest weight of the evidence. The similarities between that case and this one are not as compelling as the employer asserts. In our case, although Perez had preexisting problems with his back and was the only one to testify as to his injury, the evidence is convincing that something happened while he was at work on August 31, 1970, to exacerbate his back condition. His testimony of the sudden onset of this disabling condition does not stand unsupported. In *United States Steel Corp.* not only was there no corroborating evidence for the employee's testimony but his conduct and representations contradicted his contention that he was injured during the course of his employment.

The employer presented evidence which would reflect adversely upon the credibility of the employee. However, as this court has often stated, it is peculiarly within the province of the Industrial Commission to determine the credibility of the witnesses and the weight to be given to their testimony. *Allen v. Industrial Com.* (1975), 61 Ill.2d 177.

Spiegel stresses the fact that Perez failed to call Betance, the co-worker who assisted him in going to the office after the accident. The record indicates that Betance was present during the hearing before the arbitrator and thus could have been called by either party. The fact that he was not called by Perez does not mean that Perez didn't tell the truth when he said that Betance witnessed the occurrence. (*Swift and Co. v. Industrial Com.* (1972), 52

Ill.2d 490, 495.) Spiegel also stresses the fact that Mary O'Keefe left its employ several months prior to Perez' injury. Perez testified that after the accident he reported to the main office and spoke with the construction superintendent's secretary who was named Mary. The Industrial Commission could have chosen to accept Perez' statement that he reported the accident to the construction superintendent's secretary but to disregard Perez' confusion as to the secretary's name. The evaluation of the evidence and the conclusions to be drawn therefrom are within the peculiar province of the Industrial Commission. *Swift and Co. v. Industrial Com.* (1972), 52 Ill.2d 490, 495.

We find nothing in the record of this case to remove it from the general rule that it is the responsibility of the Industrial Commission to determine disputed facts, judge the credibility of witnesses and resolve conflicting testimony. (*Allen v. Industrial Com.* (1975), 61 Ill.2d 177, 182.) The findings of the Industrial Commission are not against the manifest weight of the evidence, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*