(No. 47769.— ▮▮▮▮▮▮▮▮)

HELEN MARSHALL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Federal Sign & Signal, Appellee.)

*Opinion filed November 24, 1976.*

Robert M. Salzman, and Pfeffer, Becker & Gabric, of Chicago, for appellant.

Klohr, Braun, Lynch & Smith, of Chicago (Francis J. Lynch, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An arbitrator for the Industrial Commission found that the claimant, Helen Marshall, had not sustained an accidental injury arising out of and in the course of her employment with the respondent, Federal Sign & Signal. The Commission heard additional evidence and affirmed. The circuit court of Cook County confirmed that decision. The claimant appeals on the ground that these determinations were contrary to the manifest weight of the evidence. We affirm.

The claimant testified that during the afternoon of

January 12, 1972, she bent down to pick up a box of supplies. Either as she bent down or as she began to straighten up, she felt a pull on her back, exclaimed in pain, and was unable to straighten up. A fellow employee, Sandra Parmer, testified that she saw this occurrence and that the claimant remained seated for 20 to 30 minutes, unable to straighten up. Parmer then left the area and did not see the claimant any more that day.

The claimant testified further that she got up and tried to work and when her foreman came by she told him that she felt all right but she had bent over to pick up a box of supplies and when she attempted to straighten up "something pulled" in her back. She testified that he then told her to sit down and take it easy. She attempted to work for another 20 minutes or so, but the pain increased and her legs were starting to grow numb. She was unable to find the foreman and asked another employee to tell the foreman that she was going home early. The other employee, Dorothy Jones, testified that on an earlier occasion the claimant had told her of a back problem that she had had before she was employed by the respondent. On the afternoon in question she saw the claimant walking in a bent-over position and the claimant told her that she was going home because she could not stand the back pain any more. The claimant did not tell her that she had had any sudden onset of pain.

The foreman testified that on the morning of January 12 he saw the claimant appearing to have some sort of acute back problem. She told him that she had a backache. He was certain that this occurrence had not taken place in the afternoon. He also testified that he was informed by Dorothy Jones late in the afternoon that the claimant had left work. The claimant did not return to work on the following day, and when she called the personnel manager she told him that she had a backache and could not say when she would be able to return to work. She did not

state, he testified, that her back difficulties were due to any specific occurrence on January 12.

The claimant consulted her family physician on January 14 and was admitted to the hospital at his instance. He testified that she gave him no history of an accident at work, and in the claimant's case history upon her admission to the hospital he made the following entry: "Patient has had pain in her lower back which had a sudden onset 2 days ago (she had one previous attack which subsided with rest and aspirin)." The patient's history which was taken by a nurse upon the claimant's admission to the hospital contained this entry: "States she had hernia operation approx. 2 yrs. ago. States lower back pain started approx. 3 days ago—no apparent cause." The surgeon's report to the family physician states that the claimant was seen at the request of her family physician "for a severe backache with left sciatica. The patient has had some mild episodes in the past, and in this past week while sitting, she developed a painful tightness in the back and symptoms of left sciatica. Sneezing has aggravated the pain."

It does not appear from the record in this case that the determination of the Commission was contrary to the manifest weight of the evidence, and the judgment of the circuit court of Cook County is therefore affirmed. See *Spiegel, Inc. v. Industrial Com.* (1976), 64 Ill. 2d 226; *Converters, Inc. v. Industrial Com.* (1975), 61 Ill. 2d 218, 223; *Moore v. Industrial Com.* (1975), 60 Ill. 2d 197, 203.

*Judgment affirmed.*