(No. 50527.—

KEYSTONE STEEL AND WIRE CO., INC., Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Daryl M. Bouton, Appellant.)

*Opinion filed November 22, 1978.*

Ronald Hanna, of Hamm & Hanna, Ltd., of Peoria, for appellant.

Jeffrey B. Rock, of Swain, Johnson & Gard, of Peoria, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

An arbitrator for the Industrial Commission awarded the claimant, Daryl M. Bouton, compensation for 12 6/7 weeks temporary total disability and for 15% permanent loss of use of both legs resulting from an accident that arose out of and in the course of his employment by the respondent, Keystone Steel and Wire Co. The Commission affirmed the award after considering additional evidence. The circuit court of Peoria County reversed the decision of the Commission as against the manifest weight of the evidence and contrary to law. The claimant has appealed.

The claimant was injured in the course of his employment at Keystone on March 1, 1976, when he slipped into a knee-deep pit of water used to cool hot steel. He remained in the water, which he described as boiling, for two or three minutes. Claimant was hospitalized for three or four weeks and treated with "dressings and regular soaks" for burns on his legs and feet. He was then followed as an outpatient for approximately four months. Claimant returned to work on modified work release on July 7, 1977, and was provided with a special parking space near his place of work for a

period of six months. On January 7, 1978, he was given a full work release by his doctor and relieved of the special parking space.

At the hearing before the arbitrator, held on February 23, 1977, claimant testified that when he drove his car his right foot habitually went to sleep and his right calf muscles tightened and went to sleep. He also testified that when he stood for an extended period his feet swelled up and that he had had to buy larger shoes to accommodate the swelling. Claimant also noticed weakness in his ankles when he walked on uneven ground and sensitivity to cold in his feet and legs. He admitted on cross-examination that he had burned his feet in the course of his employment in 1968, for which he had been awarded 10% permanent loss of use of both feet, and that his legs were still "shaky" from this injury at the time of the later accident.

At that hearing claimant introduced into evidence the examination report of Dr. Edward Law. On review by the Commission, respondent introduced the examination report of Dr. Lorin Whittaker. Dr. Law, the director of the burn unit at Memorial Medical Center in Springfield, found visible scarring and discoloration extending over the claimant's ankle areas, as well as tightness of the ankle bilaterally. He noted that the claimant's second, third, fourth and fifth toes drew into dorsiflexion when the feet were plantar flexed, this being more marked on the right. Dr. Law found further that knee and ankle reflexes were intact and burnt areas from the ankles to the knees had healed completely without scars.

Dr. Whittaker, who examined claimant four months after Dr. Law, found slight redness of both legs to the mesial calf. The deep tissues of the lower legs were normal and no atrophy was present. Dr. Whittaker noted some loss of pigmentation around both ankles, but no fixation of the skin, no crusting, scaling or keloid formation. He found that claimant had a full range of motion and that no

edema was present in the claimant's legs, ankles or feet. Dr. Whittaker concluded that the claimant's objective examination was normal.

Whether a claimant is permanently disabled is a question of fact, and the finding of the Commission on this issue should not be set aside unless it is contrary to the manifest weight of the evidence. (*South Import Motors, Inc. v. Industrial Com.* (1972), 52 Ill. 2d 485, 489; *Cebulski v. Industrial Com.* (1971), 48 Ill. 2d 289, 294.) Here the claimant's testimony, if believed, would support an award for permanent partial disability. It is peculiarly within the province of the Commission to determine the credibility of the witnesses and the weight to be given to their testimony. (*Spiegel, Inc. v. Industrial Com.* (1976), 64 Ill. 2d 226, 229; *Allen v. Industrial Com.* (1975), 61 Ill. 2d 177, 182.) The medical evidence in this case was such that differing conclusions could be drawn from it. Where the evidence is conflicting, or of such a nature that different inferences may reasonably be drawn therefrom, we will not disregard permissible inferences drawn by the Commission merely because it or we might have drawn other inferences from the facts. *Board of Trustees v. Industrial Com.* (1978), 71 Ill. 2d 287, 295; *Meade v. Industrial Com.* (1971), 48 Ill. 2d 215, 219-20.

We find nothing in the record of this case to remove it from the general rule that the evidence and the conclusions to be drawn therefrom are within the peculiar province of the Industrial Commission (*Spiegel, Inc. v. Industrial Com.* (1976), 64 Ill. 2d 226, 230), and we do not agree that its findings are contrary to the manifest weight of the evidence. The judgment of the circuit court of Peoria County is accordingly reversed, and the award of the Commission is reinstated.

*Judgment reversed;*
*award reinstated.*