(No. 53420.-

ARTHUR PARSONS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Wabco Construction & Mining Equipment Corp., Appellee).

*Opinion filed March 18, 1981.*

Warren E. Danz, of Peoria (Richard G. Leiser, of counsel), for appellant.

Robert W. Scott, of Swain, Johnson & Gard, of Peoria, for appellee.

MR. JUSTICE SIMON delivered the opinion of the court:

The only question here is whether Arthur Parsons was injured while at work. The arbitrator found that he was not. The Industrial Commission heard additional testimony from Parsons and agreed. The circuit court of Peoria County confirmed the Commission's decision. Parsons contends that these determinations were against the manifest weight of the evidence.

Parsons was employed by Wabco Construction and

Mining Equipment Group and had previously suffered injuries at work. On January 13, 1975, he injured his back and was off work for 30 days. In April of 1975 Parsons' left knee was injured. He underwent surgery and was not able to return to work until August of 1975. Parsons received a workmen's compensation award for a 35% loss of use of his left knee. When Parsons reported back to Wabco he was assigned to light work. However, there was not enough such work available, and he was sent home after about a month.

Wabco called Parsons back to work on January 19, 1976. On his first day, he began training as a hacksaw operator, a job that required him to feed 10-foot-long sections of steel into a saw, then remove the pieces into which the section was cut. A jib crane was available for use in lifting the steel. Parsons was being trained by John Bridgeman, who testified that Parsons assisted him, but did not actually run the machine.

Parsons testified that just before lunch break, after working for 4 hours, he manually picked up a piece of steel about 18 inches long and 4 inches in diameter. Bridgeman said that such a piece would weigh over 70 pounds. Parsons said that he felt a sharp pain in his lower back which radiated down his legs. During the lunch break, he went to the nurse at the first-aid station. He explained that he had reinjured his back by picking up a piece of steel and said that he "couldn't hack it anymore" and was going home. Bridgeman testified that he never saw Parsons pick up any steel by hand, although because of his work he was not constantly watching Parsons. Bridgeman also said that Parsons never complained to him of back pain.

On the evening of January 19, 1976, Parsons went to his family doctor, who had treated him for his earlier back problem. He told the doctor that he had returned to what was supposed to be an easy job, but developed back pain which became severe with lifting. The doctor sent him to

an orthopedic surgeon who prescribed a course of hospitalization, traction, and physical therapy. When space opened up at a nearby hospital, Parsons was admitted for 24 days in February 1976. The orthopedic surgeon and the family doctor both felt that Parsons was suffering from a bulging herniated disc. The family doctor thought that the problem had aggravated Parsons' arthritis. Another physician testified for Wabco that he had examined Parsons' X rays and that they showed arthritic changes in the lumbar spine which could have caused the lower back pain. He found no evidence in the X rays of a herniated disc.

The arbitrator found that Parsons had failed to prove that he was injured in the course of his employment. After hearing Parsons testify about his continuing back pain, the Industrial Commission affirmed the decision.

The Industrial Commission's decision that Parsons failed to sustain his burden of proof must be affirmed unless against the manifest weight of the evidence. (*Laboy v. Industrial Com.* (1978), 74 Ill. 2d 18, 24; *Wise v. Industrial Com.* (1973), 54 Ill. 2d 138, 142.) The burden was on Parsons to prove by a preponderance of the evidence that his injury arose out of and in the course of his employment. *O'Dette v. Industrial Com.* (1980), 79 Ill. 2d 249, 253.

Parsons' case rested on his own testimony. Disputed questions of fact, such as credibility, are to be resolved by the Industrial Commission. (*Gladstone v. Industrial Com.* (1980), 79 Ill. 2d 236, 240; *Allen v. Industrial Com.* (1975), 61 Ill. 2d 177, 183.) Parsons' proof was contradicted by Bridgeman's testimony that he did not see Parsons lifting steel and that Parsons never complained to him of any back pain. In addition, the Industrial Commission, to favor Parsons, had to believe that he picked up heavy steel bars weighing approximately 70 pounds, by hand instead of using a jib crane specifically provided for the task.

The medical testimony was also conflicting. Parsons'

physicians testified about a bulging herniated disc. Wabco's physician found only the arthritis which Parsons' family doctor said predated the alleged accident. The law gives the Industrial Commission responsibility for resolving such conflicting medical evidence. *Perry v. Industrial Com.* (1977), 66 Ill. 2d 418, 421.

From the record it appears that the Industrial Commission's decision was not against the manifest weight of the evidence. (See *Marshall v. Industrial Com.* (1976), 65 Ill. 2d 203; *Moore v. Industrial Com.* (1975), 60 Ill. 2d 197.) The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*