JOHN MAZUR, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (Vinyl Grain, Appellee).

First District (Industrial Commission Division)   No. 1—84—375WC

Opinion filed May 16, 1984.

Galliani & Doell, Ltd., of Chicago (Thomas J. Doell, of counsel), for appellant.

Harvey L. Walner & Associates, Ltd., of Chicago (Sam L. Cerniglia, of counsel), for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Petitioner, John Mazur, filed a claim for workers' compensation naming Vinyl Grain, Inc., as respondent and alleging that he sustained a broken wrist in the course of his employment with Vinyl Grain. An arbitrator found that an employer-employee relationship existed between the parties and that petitioner did suffer an accidental injury arising out of and in the course of his employment. The arbitrator awarded him temporary total disability benefits and permanent partial disability benefits representing a 30% loss of the use of his right hand.

On review, the Industrial Commission reversed the decision of the arbitrator, finding that no employer-employee relationship existed between the parties. Instead, the Commission determined that the petitioner was an independent contractor at the time he sustained his injuries. Vinyl Grain had alleged other errors in the arbitrator's decision; however, the commission did not rule on them since it initially found that no employer-employee relationship existed. The circuit court of Cook County confirmed the decision of the Industrial Commission, and the petitioner filed a timely notice of appeal.

On appeal, petitioner argues that the finding of the Industrial Commission that petitioner was not an employee of Vinyl Grain is against the manifest weight of the evidence.

Petitioner installed aluminum siding on buildings. Testimony at the arbitration hearing revealed that he was free to work wherever he wished, although for the past two years he had taken jobs solely from Vinyl Grain, Inc. He would periodically visit the offices of Vinyl Grain in order to solicit work. If work was available, he would then be given a "work order" by Vinyl Grain describing a customer's name, address, and the type and color of siding desired. The work order would also indicate the part of the building that was to be serviced. The petitioner would then pick up Vinyl Grain's product from its warehouse and deliver it to the job site in his own truck. Petitioner also used his own tools, scaffolding and other equipment. He set his

own hours and days of work. Vinyl Grain provided no on-site supervision, and most problems that arose were handled by petitioner. On occasion, however, he would have to call the office when a problem arose regarding a change in the nature of the product or service desired.

Petitioner hired his own employees to help him complete each assigned job. He did not pay Vinyl Grain for materials that he used. Vinyl Grain paid him on the basis of the amount of material applied to a building, issuing a lump-sum check at the end of each job. No deductions were made by Vinyl Grain for taxes or social security. Expenses were deducted by petitioner, who then paid his employees. He was responsible for his own taxes as well as those of his employees.

Petitioner was allegedly injured while working at a job site. He claims that his wrist was broken when a scaffold fell on him.

To support his contention that he was an employee, petitioner places great reliance upon the similarities between this case and the cases of *Mastercraft Co. v. Industrial Com.* (1974), 58 Ill. 2d 155, 317 N.E.2d 522, and *Kirkwood Brothers Construction v. Industrial Com.* (1978), 72 Ill. 2d 454, 381 N.E.2d 697, where an employer-employee relationship was found. However, these same arguments were rejected in the later case of *Kirkwood v. Industrial Com.* (1981), 84 Ill. 2d 14, 416 N.E.2d 1078, where the court held the petitioner to be an independent contractor under factual circumstances nearly identical to those involved here.

In the later *Kirkwood* case the court was faced with an injured siding installer who set his own hours, used his own equipment, scaffolding, and truck and was paid a lump-sum amount based on the amount of siding applied. There, as here, no taxes were deducted from the payment and there was little or no on-site supervision of the work. In *Kirkwood*, the court distinguished *Mastercraft* and *Kirkwood Brothers* as involving a greater degree of control over the manner in which the work was done and a different method of payment. Significantly, the court also emphasized that in *Kirkwood* the Industrial Commission had found the petitioner to be an independent contractor while in the two earlier cases the Industrial Commission found the petitioners to be employees.

We find the facts of the present case to be indistinguishable from those involved in *Kirkwood*. We also distinguish *Mastercraft* and *Kirkwood Brothers* on the basis of the greater degree of control and the different manner of payment involved in those cases. Moreover, "if the undisputed facts permit inferences to be drawn either way, that is, that the claimant was an employee or that he was an indepen-

dent contractor, then the Commission alone is empowered to draw that inference, which will not be set aside unless against the manifest weight of the evidence." (*Kirkwood v. Industrial Com.* (1981), 84 Ill. 2d 14, 19, 416 N.E.2d 1078.) We cannot say that inferences drawn by the Commission here are against the manifest weight of the evidence. Vinyl Grain exercised almost no control over the manner in which petitioner performed his work and paid him only on the basis of the amount of material applied to a building. Petitioner set his own hours, used his own equipment and paid his own hired helpers. These facts all support the Commission's determination that he was an independent contractor.

The petitioner has urged us to adopt Professor Larson's theory of the relative nature of the work as determinative in this case. While the supreme court has recently alluded on several occasions to that theory and has indicated more than a passing interest in it, it has not yet accepted it as the sole factor in deciding the nettlesome question of employee versus independent contractor. Compare *Area Transportation Co. v. Industrial Com.* (1984), 123 Ill. App. 3d 1096.

In any event, even if the Larson theory were to be adopted, we would not perceive it as a *per se* rule, but only one of several factors to be considered in determining the status of the claimant, and as pointed out in *Area Transportation Co.*, control still remains the principal factor.

Accordingly, the judgment of the circuit court of Cook County affirming the decision of the Industrial Commission is affirmed.

Affirmed.

SEIDENFELD, P.J., McNAMARA, BARRY, WEBBER, and KASSERMAN, JJ., concur.