DENNIS LOWE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*, (Colonial Construction, Appellee).

Fourth District (Industrial Commission Division)   No. 4—86—0477WC

Opinion filed April 28, 1987.

Danz & Kleczek, P.C., of Peoria, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Patrick J. Cadigan, and H. Anne McKee, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant, an aluminum siding applicator, injured his back while working on a jobsite. His application for benefits was denied by the arbitrator and the Commission upon a finding that claimant was not an employee, but an independent contractor, when he was injured. The circuit court confirmed the decision of the Commission. Claimant appeals.

On appeal, claimant does not contest any of the factual findings of the arbitrator which were adopted by the Commission. Upon the testimony presented, the arbitrator found that the claimant was paid by respondent on a piecework basis according to the amount of material applied to a building. Respondent did not provide general insurance coverage for the petitioner and his crew but withheld 6½% from the total amount payable at the conclusion of a job for insurance on claimant's crew members. Claimant provided his own hand tools and truck.

He hired his own crew and paid them out of the proceeds he received from respondent after the job was completed. Claimant controlled his own work and procedure without supervision, aside from occasional communications from respondent directing changes in the work order. Although claimant testified that he did not think he was free to accept additional work orders from other contractors during the time he performed work for respondent, the arbitrator concluded that there was nothing in the record to indicate that claimant could not work for other contractors on identical or similar terms as he did for respondent.

As we have indicated, claimant does not contest these findings of fact or the determination that he is an independent contractor under traditional elements considered by courts in determining whether a worker is an employee or an independent contractor. Claimant argues, however, that, as a matter of law, this court should abandon the use of those traditional principles in favor of the so-called "relativity test" suggested by Professor Larson (see 1C A. Larson, Workman's Compensation secs. 43.51, 43.52 (1980)), which was cited in *dicta* by the supreme court in *Kirkwood v. Industrial Com.* (1981), 84 Ill. 2d 14, 416 N.E.2d 1078.

Briefly stated, Professor Larson advocates that the most important factor in determining whether an employer-employee relationship exists is a careful consideration of the nature of claimant's work in relation to the regular business of the employer. Although the supreme court has, at times, acknowledged that this aspect of a relationship might be significant under the facts of a particular case, it specifically refused to adopt the test urged by claimant in *Kirkwood* on the basis that to do so would disturb long-standing business relationships, could be unnecessarily disruptive, and would expose employers to risks against which they had no opportunity to insure.

■■ ■ This same argument was recently presented to this court in *Mazur v. Industrial Com.* (1984), 124 Ill. App. 3d 325, 464 N.E.2d 721, in which this court refused to adopt the test as a *per se* rule, concluding that it was but one factor to be considered in determining the status of a claimant. Mindful of our responsibility to maintain a sound and uniform body of precedent (see *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831), we perceive no reason to depart from our previous holding on the basis of the arguments raised here. We reiterate that the principal factor in determining the status of a claimant still remains the degree of control which respondent exerts over the means by which claimant completes his tasks. (*Kirkwood v. Industrial Com.* (1981), 84 Ill. 2d 14, 416 N.E.2d 1078; *Area Transportation Co.*

*v. Industrial Com.* (1984), 123 Ill. App. 3d 1096, 465 N.E.2d 533; *Lister v. Industrial Com.* (1986), 149 Ill. App. 3d 286, 500 N.E.2d 134; *Mazur v. Industrial Com.* (1984), 124 Ill. App. 3d 325, 464 N.E.2d 721.) Since claimant concedes that there was unrebutted evidence that respondent did not control the work of claimant, it cannot be said that the arbitrator's finding adopted by the Commission that the claimant is an independent contractor is against the manifest weight of the evidence. (Compare *Lister v. Industrial Com.* (1986), 149 Ill. App. 3d 286, 500 N.E.2d 134, and *Mazur v. Industrial Com.* (1984), 124 Ill. App. 3d 325, 464 N.E.2d 721, two cases also involving aluminum siding applicators in which significant evidence of employer control over the work performed established an employer-employee relationship.) As was said in *Kirkwood*, in determining whether one is an independent contractor or an employee, when the facts in a particular case are susceptible to either interpretation, it is within the Industrial Commission's province to draw inferences and evaluate the credibility of the witnesses in arriving at a decision. That conclusion cannot be disturbed here.

■ Claimant also contends that the respondent should, in equity, be required to pay benefits because by deducting 6½% from the lump sum amount paid to claimant for each job respondent lulled claimant into believing he was being covered by workers' compensation benefits purchased by the respondent on his behalf. At arbitration, claimant testified that when the job was complete claimant was paid a lump sum by respondent from which 6½% of the total was deducted to cover "insurance." John Jacobs, owner and president of the respondent, testified that since claimant was unable to show that he had secured workers' compensation coverage for the members of his crew, the deduction was made to allow respondent to purchase such coverage to satisfy its statutory obligation under section 138.1(a)(3) of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1(a)(3)). That portion of the Act requires that a contractor pay compensation benefits to employees of any subcontractor when the subcontractor does not insure for his own employees' benefits or guarantee his liability to pay such compensation.

Although claimant states that he was lulled into believing that he was covered by such benefits purchased by the respondent, there is nothing in the evidence to support this assertion. No evidence was presented that a promise to purchase insurance on behalf of claimant was made by the respondent. Nor was there evidence of any representations made which would reasonably be said to have misled claimant. In fact, claimant testified that he never inquired as to the extent

of coverage; he merely assumed he was covered.

Although claimant questions why he should hold a different legal status than any of his crew members, respondent points out that as a sub or independent contractor, claimant was not an employee but rather an employer and thus not subject to the benefits respondent was required by statute to maintain for members of claimant's crew. Moreover, the uncontested finding by the arbitrator that respondent did not maintain a regular policy of insurance for the work crews but rather deducted an amount from the payment made after each completed assignment supports a conclusion that respondent did not consider claimant to be an employee and that the deductions were made solely for the purpose of maintaining the statutory coverage respondent might be required to provide when the subcontractor could not furnish proof of such coverage. We conclude that claimant has not established any equitable ground upon which estoppel to deny coverage may be asserted against respondent.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

BARRY, P.J., and KASSERMAN, WOODWARD, and McNAMARA, JJ., concur.