(No. 52198.—

MICHAEL PAZARA, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Baldwin Associates, Appellee).

*Opinion filed May 22, 1980.*

Harvey & Stuckel, Chartered, of Peoria (R. Wayne Harvey, of counsel), for appellant.

Cohn, Lambert & Ryan, Ltd., of Chicago (Louis J. Cohn, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In proceedings under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) filed by claimant, Michael Pazara, for injuries he sustained from an assault by a coemployee on March 25, 1977, an arbitrator for the Industrial Commission found that claimant failed to prove that he sustained an accidental injury arising out of and in the course of his employment with respondent, Baldwin Associates. On review, the Commission affirmed, one member dissenting. The majority entered findings, specifically stating:

"1. The record reflects and Petitioner admits that the dispute between Petitioner and Servis, the co-employee who assaulted Petitioner, was purely personal in nature.

2. The record reflects that Petitioner was not in the course of his employment when he returned to the job site where he was assaulted. Petitioner testified that on the day of the incident, he left work at approximately 12:30 P.M., stopped at the VFW Hall and drank beer, did personal errands, stopped at a tavern, met a co-worker, John Troxell, and returned to the job site approximately 30 minutes prior to the end of the shift. Although Petitioner testified that he was waiting for his foreman to tell him what to do, it is difficult to believe Petitioner returned to the job site for the purpose of performing such duties when only 30 minutes were left in the work day. There is no evidence that he did, in fact, do any work after his return.

3. The record does not support Petitioner's contention that his assailant, Servis, had a history of violent conduct. Although the witnesses called in to support this contention testified to incidents of *verbal* abuse by Servis, there is no competent evidence in the record of physical attacks by Servis prior to March 25, 1977. [Emphasis in original.]

4. The Petitioner's hazard of being attacked by a fellow employee was neither incidental nor peculiar to the Petitioner's employment. Shortly after Petitioner's return to the job site, Troxell, the co-employee with whom Petitioner returned to the job site after a meeting in a

tavern, engaged Servis in argument; Troxell and Servis came into the shack where Petitioner then addressed personal comments to Servis. A fight ensued between Petitioner and Servis, caused by those remarks.

5. The risk of harm was not increased by the employment, as the probability of assault was not augmented by the particular character of Petitioner's job or by a special liability to assault associated with the environment in which Petitioner worked."

On *certiorari,* the circuit court of Peoria County confirmed the decision of the Industrial Commission, and claimant appealed to this court pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)). Claimant contends that the decision of the Commission is against the manifest weight of the evidence.

On March 25, 1977, claimant was a concrete laborer employed by respondent at a job site in Havana. Claimant testified that on this date he arrived at work at approximately 8 a.m. and performed his assigned duties until approximately 12:30 p.m., at which time he left the jobsite to pursue personal matters. While away from the jobsite, claimant drank beer at a VFW Hall, shopped for a new automobile, and met a coemployee at a tavern. Though the exact time is not clear from the record, claimant was notified at some point during the day he was being discharged.

Claimant stated that he returned to the jobsite at some time after 3 p.m., perhaps as late as 3:10 or 3:15. He proceeded to the "chain shack," where he asked a foreman to contact his supervisor concerning an assignment for the remainder of the shift. Claimant stated that his shift ended at 4:25 p.m. and that he arrived at the shack with approximately 30 or 45 minutes remaining in the shift. Claimant was told by the foreman to remain in the "chain shack" until he returned with the supervisor. Bill Servis, a coemployee, entered the shack and engaged in a heated discussion with John Troxell, also a coemployee. The topic was a fight which occurred at noon between Servis and another employee, Keith Hagney. At some point in

this discussion, claimant gratuitously volunteered his opinion of Servis' altercation with Hagney. Claimant stated that he told Servis, "Bill, that isn't the way I heard it. And I think that you ought to be ashamed of yourself for whacking him." Servis, with both fists clenched, immediately rushed to within two inches of claimant and informed him that he was not concerned with his opinion. Claimant pushed Servis away, and a fight followed in which Servis pulled a knife and stabbed claimant, inflicting three separate chest wounds for which 66 stitches were required.

In seeking reversal of the Commission's decision, claimant argues that the statement was made to further the interests of respondent. Claimant characterizes the statement as a criticism of the practice of fighting among coemployees, suggesting that his injuries therefore arose out of his employment. We do not agree.

Our opinions have consistently held that it is the province of the Industrial Commission to weigh and resolve conflicts in testimony, to choose among conflicting inferences therefrom, and to determine where the preponderance of the evidence lies. (*Health & Hospitals Governing Com. v. Industrial Com.* (1975), 62 Ill. 2d 28, 32.) In reviewing the decisions of the Industrial Commission, this court will not disregard permissible inferences drawn by the Commission, and we will not substitute our judgment for the findings of the Commission unless those findings are contrary to the manifest weight of the evidence. (*Malco, Inc. v. Industrial Com.* (1976), 65 Ill. 2d 426, 430.) Our examination of the testimony fails to provide a basis for holding that the Commission's finding that this dispute was purely personal in nature is contrary to the manifest weight of the evidence.

Claimant nonetheless argues, in reliance on *Associated Vendors, Inc. v. Industrial Com.* (1970), 45 Ill. 2d 203,

that the risk of physical attack was increased by his employment and that his injury is therefore compensable, even assuming that the dispute resulting in his injury was purely personal in nature. In support of this position, claimant argues that respondent was aware of the risk of assault engendered by Servis and that respondent's failure to discipline or discharge Servis for prior assaultive behavior increased this risk. Respondent rejects the validity of this theory of causation, contending that it is unsupported by our prior cases. Respondent argues in the alternative that if claimant's theory is sufficient to establish the causal link between claimant's injuries and his employment, claimant failed to meet his burden in the proceedings below.

Even if we were to agree with claimant that his theory is a valid one, we would be unable to conclude that his injury is compensable. One of the premises of claimant's theory is that Servis exhibited a propensity to engage in violent conduct, but we do not believe that the Commission's finding to the contrary is against the manifest weight of the evidence.

In the proceedings before the arbitrator, claimant called as his first witness Raymond Martin, a coemployee. Martin testified that at noon on March 25, 1977, he observed an argument and subsequent fight between Servis and a coemployee, Keith Hagney. He stated that this dispute began in the "chain shack" and that Servis struck Hagney while in the parking lot of the employer in front of a security guard and two office personnel. Martin also related the circumstances of the subsequent fight between Servis and claimant. His version of the events which led to claimant's injury corroborated claimant's. Martin stated further that he had never had an argument with Servis and that, to his knowledge, Servis was 61 years old. On cross-examination, Martin stated that the altercation between Servis and Hagney arose out of a disagreement

over a trailer that Hagney rented from Servis.

Claimant testified, in addition to matters not relevant to this issue, that this was his first dispute with Servis. He stated further that he had listened to Servis engage in verbal disputes with other employees for the previous two years. On cross-examination, claimant stated that he was aware of the fact that Servis had a bad temper.

Claimant called as his next witness Robert Tiger, also a coemployee. Tiger testified that he had observed the argument in the "chain shack" between Hagney and Servis. He stated that Servis was discussing coronary problems when Hagney came up to him and informed him that he had "some pills that make you have a heart attack." Tiger stated that, in response to this comment, Servis told Hagney, "I'm going to kill you, you little sonofabitch." He stated that this discussion took place before several foremen. On cross-examination, Tiger stated that Servis never killed anyone to his knowledge and that he was aware of the fact that Servis had a bad temper. On redirect examination, Tiger testified that he had never seen Servis physically attack a coemployee in his presence, but that Servis had boasted of a prior fight with Hagney.

Claimant called as his last witness Pete Pazara, claimant's uncle, employed by Baldwin Associates as a general foreman of the laborers. Pazara stated that Servis was generally belligerent and argumentative, and that he had observed Servis boasting about an altercation with Hagney. He also stated that, approximately one month prior to claimant's injury, Servis had threatened a safety supervisor after he was informed of the regulation that all employees must wear safety glasses. On this occasion Servis threatened to "beat him up and there were four of us guys that jumped on Bill and held him back." On cross-examination, Pazara stated that he had never observed Servis fight with other employees. He also stated that the

incident with the safety supervisor was not reported to his superiors or the union and that Servis was not disciplined on this occasion.

On review, in proceedings before the Industrial Commission, claimant called Gary Logue, an employee of respondent, as a witness. Logue stated that he had worked with Servis from April through June of 1975. On two occasions, in the course of unloading two-by-fours from a truck, Servis threatened to knock Logue's "------- head off." These threats arose out of a disagreement as to how their work should be performed. On at least one occasion, Servis was holding a two-by-four when the threat was made. After the second dispute, Logue contacted his supervisor and requested a transfer. This request was granted. On cross-examination, Logue stated that he was never involved in a fight with Servis.

Our cases have held that the term "in the course of employment" concerns the time, place, and circumstances of the injury, and the term "arising out of the employment" refers to the required causal link between the employment and the injury. (*Chmelik v. Vana* (1964), 31 Ill. 2d 272, 277.) Proof that an employee is present at the place of his employment when he is injured is not by itself sufficient to sustain his burden of proving that the injury arose out of the employment. (*W.K.I.D. Broadcasting Co. v. Industrial Com.* (1969), 42 Ill. 2d 236, 239.) An injury may be said to arise out of the employment "when, upon consideration of all of the circumstances, there is apparent to the rational mind a causal connection between the conditions under which the work is to be performed and the resulting injury." (*Brewster Motor Co. v. Industrial Com.* (1967), 36 Ill. 2d 443, 449.) It is the province of the Industrial Commission, however, to draw reasonable inferences and conclusions from competent evidence in the record. On review, the function of this court is limited to a determination of

whether findings of the Commission are against the manifest weight of the evidence, and we will not set aside a finding solely because we might have made a finding different from that of the Commission or because we might draw inferences other than those reasonably drawn by the Commission. *Gubser v. Industrial Com.* (1969), 42 Ill. 2d 559, 562.

In the present case, the Commission could conclude that claimant's employment had not increased the risk of injury to claimant. The record reveals that Servis' first physical attack on a coemployee on the premises of respondent was at noon on March 25, 1977. Claimant's injuries were sustained on the same afternoon. Two years preceding claimant's injuries, Servis had angrily threatened a fellow employee without any resulting physical attack. No further specific incident of abusive or threatening behavior by Servis occurred until approximately one month preceding claimant's injuries. On this occasion, Servis once again angrily threatened a fellow employee. Once again, no physical attack ensued, although four fellow employees were required to prevent the situation from escalating.

In summary, we believe that the Commission could find that the risk posed to respondent's employees was no greater than that to which the general public was exposed. Though we might reach a different finding on this issue, we do not believe that the Commission's conclusion is contrary to the manifest weight of the evidence, and we therefore do not disturb its decision to deny compensation.

Because we affirm the Commission's finding that claimant's injury did not arise out of his employment, we do not address the Commission's finding that claimant was not in the course of his employment.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*