**2800 CORPORATION d/b/a Bottoms Up Lounge, Appellant,**

v.

**Jacqueline FERNANDEZ, Appellee.**

No. 93–1959.

Supreme Court of Iowa.

Feb. 22, 1995.

Bill Bracker, Council Bluffs, for appellant.

Sheldon M. Gallner, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and NEUMAN, SNELL, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

The primary issue in this appeal is whether the injury suffered by an intoxicated employee off the employer's premises arises out of and in the course of employment. The industrial commissioner determined the claimant's injury is compensable and awarded benefits. The district court affirmed the commissioner's decision, but remanded for correction of the weekly benefit rate. On employer's appeal, we affirm.

## I. *Background.*

Jacqueline Fernandez (claimant) worked as an exotic dancer for 2800 Corporation (employer) in its business named "Bottoms Up Lounge" in Council Bluffs, Iowa. The claimant sought workers' compensation benefits for injuries she received in an auto accident that occurred within one hour after she left work on Sunday, September 3, 1989, in Omaha, Nebraska a few miles from her place of employment. An arbitration decision of the deputy commissioner awarded her benefits for ten percent functional impairment of each foot plus 150 weeks for severe facial disfigurement. On the employer's appeal the commissioner adopted the deputy's decision and added some findings and analysis. On judicial review the district court affirmed the commissioner's decision but remanded for the sole purpose of redetermining the weekly benefit rate based upon the number of dependency exemptions reflected in the record. The employer appeals.

## II. *Scope of Review.*

Our decision is largely controlled by the limited scope of review applicable to decisions made by an administrative agency. *Dunlavey v. Economy Fire & Casualty Co.,* 526 N.W.2d 845, 849 (Iowa 1995). We review for the correction of errors at law, not de novo. *Id.* The industrial commissioner's findings have the effect of a jury verdict. *Id.* We may reverse the commissioner's findings of fact only if they are unsupported by substantial evidence in the record made before the agency when the record is viewed as a whole. Iowa Code § 17A.19(8)(f) (1993). Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion. *Dunlavey,* 526 N.W.2d at 849. An agency's decision does not lack substantial evidence because inconsistent conclusions may be drawn from the same evidence. *Id.*

## III. *Commissioner's Findings.*

The commissioner adopted the deputy's decision which included the following findings of fact:

This claim arises from a single car auto accident which occurred between 2:00 and 3:00 a.m. on the morning of September 3, 1989. The driver, a fellow employee of claimant called "April" was killed in this accident. Claimant was a passenger in her car.

At the time of this accident, claimant and April were employed by the lounge as dancers. Their duties consisted of rotating with other female dancers each night and socializing with male customers when not dancing. An important job requirement was to motivate customers to buy them drinks. Each dancer had a quota of two drinks per hour. Although dancers were not required to drink alcoholic beverages as non-alcoholic drinks were available, usually dancers consumed in excess of six to eight alcoholic drinks during their nightly duty hours from 8:00 p.m. to 2:00 a.m. This consumption of alcohol by dancers was condoned if not encouraged by lounge management.

Before the incident of September 3, 1989, claimant and her co-dancers at the lounge had a propensity to party heavily on weekends using both alcohol and drugs. The Friday night before the accident, claimant and her friends injected crank or methamphetamine most of the night after drinking at work. During the day on Saturday, September 2, 1989, claimant and another dancer traveled around eastern Nebraska looking for a bike race consuming part of a twelve-pack of beer.

Claimant reported for work late on Saturday night, September 2, 1989. Claimant admitted she drank heavily on that night as she was quarreling with April. She and her friend had borrowed April's car earlier that day to go to the bike races without asking her permission.

Claimant testified that she became very drunk at work on the evening of September 2, 1989. She stated that she does not deny talking about going to a party after work but she cannot remember due to her intoxication. Claimant stated that the manager then told both her and April at closing time that they were drunk and ordered them both to leave the lounge. Claimant stated that she could barely walk and entered April's vehicle thinking she was going to take her home. Claimant lives across the street from the lounge at Bart's Motel. However, she stated that April told her after they left that she was going to her home. The two then stopped at a convenience store where claimant pur-

chased a Coke and April purchased a pickle. Claimant stated that she entered the car and took a sip of pop and the next thing she knew she awoke in the hospital. According to the Omaha police report, April's car suddenly veered off the roadway striking a utility pole, smashing head-on into a rock retaining wall. April subsequently died from injuries she sustained in the accident.

It is found that claimant's intoxication on the evening of September 2, 1989 and the morning of September 3, 1989 arose out of and in the course of her employment as a dancer at the lounge.

It is further found that claimant's intoxication was a substantial cause of her injuries, her resulting foot impairment and facial disfigurement. There was little dispute that claimant was drunk and the lounge manager admitted this knowledge when he ordered her and April to leave the lounge that morning shortly before the accident. All witnesses agree that the manager kept track of the number of drinks hustled by the dancers each night. Claimant could barely walk and had no choice but to ride with April, even though her motel room was just across the street. It certainly was not at all unusual for claimant and the other dancers to spend the night elsewhere instead of their own motel rooms. Whether or not April was headed for her home or a party is unknown and probably will never be known. However, April's destination is irrelevant as claimant was a captive passenger in her car. Finally, claimant's judgment was clearly impaired as she entered a car driven by another intoxicated person. April's intoxication was verified by physicians at the request of Omaha police after the accident.

At the time of the accident that caused the claimant's injuries, she had clearly left her place of employment and ended her work duties. Nevertheless, one aspect of claimant's work followed her beyond the door of the bar. The alcohol the employer encouraged her to ingest was still in her system, and continued to affect her.

The record does not show how much of these drugs were still in her system at the time of the accident. The record only shows the amount of alcohol in her system. In addition, it is undisputed in the record that claimant's consumption of other alcohol and drugs was several hours before her accident and before her work shift began. It would be improper to speculate as to what effect these drugs would have on her at 2:51 a.m. the next morning without expert medical evidence on the question.

## IV. *Substantial Evidence.*

■ The employer challenges the commissioner's finding that "excessive drinking of alcoholic beverages with customers was condoned if not encouraged." It argues that dancers were strongly encouraged not to drink excessively and that dancers were reprimanded when they drank too much. The evidence suggests, however, that the dancers had to be severely intoxicated before they were reprimanded.

■ The employer disputes the finding that claimant's judgment was impaired because she got in a car with another intoxicated person. It asserts there is no evidence that April was drunk or exhibited signs of drunkenness. April's blood alcohol level was .279 at the time of her death. Also, the manager of the bar told the two women that they were drunk and kicked them out. This evidence supports findings both that April was intoxicated when they left the bar and that she exhibited signs of intoxication an observer could perceive.

## V. *Intoxication Related to Employment.*

Iowa's workers' compensation statute provides that injuries caused by intoxication are generally not compensable. Iowa Code § 85.16 (1989). The statute provides in part:

No compensation under this chapter shall be allowed for an injury caused:

. . . .

2. By the employee's intoxication, which did not arise out of and in the course of employment but which was due to the effects of alcohol or other narcotic, depressant, stimulant, hallucinogenic, or hypnotic drug not prescribed by an authorized medical practitioner, if the intoxication was a substantial factor in causing the injury.

Iowa Code § 85.16.

■ The employer argues that claimant's injuries are not compensable because it claims her intoxication was attributable in large part to her drinking and drug usage before work, rather than to her drinking at work. It argues that it never knew of or condoned the use of any illegal substance.

We find the commissioner's conclusion that claimant's intoxication was caused by her drinking while at work is supported by substantial evidence. The employer required its dancers to socialize with customers and to hustle the purchase of drinks for the dancers. It should expect this requirement to result in intoxication of the dancers. This practice also benefited the employer in two ways. First, it profited from the sale of the drinks, which customers paid for. Second, the dancers' socializing contributed to the lounge's goodwill by creating an atmosphere appealing to its customers. *Cf. Farmers Elevator Co., Kingsley v. Manning,* 286 N.W.2d 174, 177 (Iowa 1979) (discussing "special obligation" of salesman to socialize with customers for benefit of the employer). It was not error to conclude claimant's drinking at work was a substantial cause of her intoxication.

## VI. *Injury Arising Out of and in the Course of Employment.*

■ Claimant has the burden of proving by a preponderance of the evidence that her injuries arose out of and in the course of her employment. *See Dunlavey,* 526 N.W.2d at 849. An injury "arises out of" the employment when there is a causal relationship between the employment and the injury. *Briar Cliff College v. Campolo,* 360 N.W.2d 91, 94 (Iowa 1984). The injury must be a "rational consequence of the hazard connected with the employment." *Burt v. John Deere Waterloo Tractor Works,* 247 Iowa 691, 700, 73 N.W.2d 732, 737 (1955). "In the course of" the employment refers to the time, place, and circumstances of the injury. *McClure v. Union, et al., Counties,* 188 N.W.2d 283, 287 (Iowa 1971). We have said:

[A]n injury occurs in the course of the employment when it is within the period of employment at a place where the employee reasonably may be in performing his [or her] duties, and while he [or she] is fulfilling those duties or engaged in doing something incidental thereto.

*Farmers Elevator Co.*, 286 N.W.2d at 177 (quoting *Bushing v. Iowa Ry. & Light Co.*, 208 Iowa 1010, 1018, 226 N.W. 719, 723 (1929)).

■ The employer argues that even if claimant's intoxication arose out of and in the course of her employment, her injuries did not. It asserts that claimant's own intoxication was not the cause of her injuries. Rather, it argues that she was the victim of April's negligence because April was the driver of the vehicle.

The commissioner found, however, that claimant's intoxication impaired her judgment, resulting in her entering a car driven by another intoxicated individual. We cannot say that the record lacks substantial evidence to support this factual finding. The claimant was so drunk that her employer kicked her off of the property. Her blood alcohol level of .149 was well above the level at which a person is considered too intoxicated to operate a motor vehicle under Iowa law. *See* Iowa Code § 321J.2. She was unable to walk without assistance. In fact, the only way she made it to the car was with aid from two individuals, one on each side of her. Not only was her judgment impaired by her own intoxication, but she was physically unable to exercise any other option because she was incapable of going anywhere on her own. She therefore was riding in a car with an intoxicated driver as a result of her own work-related intoxication.

Substantial evidence supports the commissioner's finding that claimant's intoxication was a substantial cause of her injuries. It was not necessary for the commissioner to find claimant's intoxication was the sole cause of her injuries. *Blacksmith v. All–American, Inc.*, 290 N.W.2d 348, 354 (Iowa 1980) (needs to be one of the causes, need not be the only cause).

## VII. Exception to the "Going and Coming" Rule.

■ The employer argues that claimant's injuries did not arise in the course of her employment because her shift had ended and she had left work when the accident occurred. Generally, absent special circumstances, injuries occurring off the employer's premises while the employee is on the way to or from work are not compensable. This is known as the "going and coming" rule. *Frost v. S.S. Kresge Co.*, 299 N.W.2d 646, 648 (Iowa 1980). There are several exceptions to the rule which in effect "extend the employer's premises under certain circumstances when it would be unduly restrictive to limit coverage of compensation statutes to the physical perimeters of the employer's premises." *Id.* at 648–49. The principle underlying some of the exceptions is that "course of employment should extend to any injury which occurred at a point where the employee was within range of dangers associated with the employment." 1 Arthur Larson, *The Law of Workmen's Compensation* § 15.00 (1993) (hereinafter Larson).

The employer complains that the commissioner has created a new "zone of danger" exception to the going and coming rule. It argues that if we adopt the exception, there will be no end to the types of claims employers will be liable for.

■ We agree with the commissioner that the "zone of danger" exception is an appropriate exception to the rule when the injuries are caused by intoxication arising out of and in the course of employment. Professor Larson states:

If the present contention is correct that the real justification for extending course of employment beyond the premises is the necessity of embracing off-premises conditions that deserve to be called risks of this employment, it should follow that whenever the hazards of the employment spill over the boundary-line and injure claimant on his [or her] way to [or from] work, those injuries should be compensable.

1 Larson, § 15.31. Work-related intoxication is a hazard of the employment that follows an employee when he or she leaves work.

When an employer encourages or condones excessive drinking on the job and in fact profits from an employee's drinking, as in this case, the employer ought to be held responsible for foreseeable injuries suffered by the employee because of the resulting intoxication.

We do not believe that adopting the exception in the limited context of work-related intoxication will lead to the parade of horrors employer suggests. The extension of the course of employment under the zone of danger exception is limited to the particular hazard which occasioned the injury. 1 Larson, § 15.31. Where the danger is work-related intoxication, the exception only applies when the injury suffered is within the zone of danger which intoxication typically creates, such as driving drunk or exercising impaired judgment. The zone of danger is limited to reasonably foreseeable results of the intoxication occurring within a reasonable time. The exception does not extend to circumstances where there is no nexus between the dangers of intoxication and the injury.

■ We apply the workers' compensation statute broadly and liberally because its purpose is for the benefit of the worker. *See Hawk v. Jim Hawk Chevrolet–Buick, Inc.,* 282 N.W.2d 84, 91 (Iowa 1979). Iowa Code section 85.16(2) was amended to add an exception to the employer's intoxication defense when the employee's intoxication arises out of and in the course of employment. 1983 Iowa Acts ch. 105, § 5.[1] Our decision today is supported by this amendment to section 85.16(2), which functions to hold employers liable for injuries caused by work-related intoxication.

For the foregoing reasons, we hold the district court correctly affirmed the commissioner's grant of benefits.

**AFFIRMED.**

---

1. Prior to the amendment we suggested there would be no recovery if the injuries were the result of the employee's intoxication although arising out of and in the course of employment. *Farmers Elevator Co.,* 286 N.W.2d at 178; *Hawk,* 282 N.W.2d at 86.