**KOEHLER ELECTRIC and Continental Western Insurance,
Appellants,**

**v.**

**Carlton WILLS, Appellee.**

**No. 98–1305.**

Supreme Court of Iowa.

March 22, 2000.

E.J. Giovannetti and Anne L. Clark of Hopkins & Huebner, P.C., Des Moines, for appellants.

Daniel D. Bernstein and William J. Bribriesco of William J. Bribriesco & Associates, Bettendorf, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

TERNUS, Justice.

This case requires the court to decide the circumstances under which an idiopathic fall is compensable under Iowa's workers' compensation law. The district court affirmed the industrial commissioner's decision that the injuries sustained by the appellee, Carlton Wills, in an idiopathic fall at his place of employment, arose out of and in the course of his employment. We affirm the district court's decision.

I. *Background Facts and Proceedings.*

Carlton Wills had worked for the appellant, Koehler Electric, for two days when he fell from a ladder while wiring a customer's air conditioning unit. Wills sustained serious head and shoulder injuries in the fall. He subsequently filed a claim for workers' compensation benefits that was opposed by Koehler and its insurer, appellant, Continental Western Insurance. (We will refer to these parties jointly as Koehler.) Koehler asserted that Wills' injuries did not arise out of his employment because his fall was the result of alcohol withdrawal.

The evidence introduced at the hearing showed that Wills appeared to be unconscious when he fell and that witnesses observed him convulsing as he lay on the floor. Wills experienced delirium tremens in the hospital and was diagnosed as suffering from delirium tremens and alcoholism, as well as head and shoulder injuries.

The deputy industrial commissioner awarded medical benefits for the injuries Wills sustained in the fall, finding that "the fall was greatly aggravated by the fact that it occurred five feet above the ground while working on a ladder." Koehler appealed the deputy's decision to the industrial commissioner, arguing that Wills had failed to show that his injuries were actually enhanced by the four to five foot fall from the ladder and that such proof was required to show that the injuries arose out of his employment. The commissioner rejected Koehler's argument and affirmed the award of benefits, stating:

In the present case, the cause of claimant's fall was alcohol withdrawal. The alcohol withdrawal is akin to an epileptic fit or a fainting spell. His work required that he be on a ladder four to five feet off the floor. He fell onto a cement floor. Claimant's employ-

ment or working environment placed him in a position that increased the effects of his fall. The injury resulting from claimant's fall arose out of his employment.

On judicial review to the district court, the commissioner's award of benefits was affirmed. The case is now before us on Koehler's appeal.

## II. *Scope of Review and Issue on Appeal.*

Our review is limited to correction of errors of law. *See 2800 Corp. v. Fernandez,* 528 N.W.2d 124, 126 (Iowa 1995). Relief may be granted if the agency's action is "unsupported by substantial evidence in the record." *See George A. Hormel & Co. v. Jordan,* 569 N.W.2d 148, 151 (Iowa 1997). "Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion" as that reached by the commissioner. *Fernandez,* 528 N.W.2d at 126. Furthermore, "[a]n agency's decision does not lack substantial evidence because inconsistent conclusions may be drawn from the same evidence." *Id.*

The sole issue on appeal in this case is whether there was substantial evidence to support the commissioner's conclusion that Wills' injuries arose out of his employment with Koehler. The resolution of that issue turns on whether Wills' case was fatally deficient because it lacked any evidence that Wills' injuries were in fact worse because he fell from a height. We turn now to a review of the governing legal principles.

## III. *Applicable Law.*

A. *General principles governing workers' compensation claims.* Iowa Code chapter 85 provides in pertinent part: "Every employer, not specifically excepted ..., shall provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee *arising out of and in the course of* the employ-

ment." Iowa Code § 85.3(1) (1995) (emphasis added). The burden is on the claimant to prove both that the injury "arose out of" and "in the course of" his employment. *See Miedema v. Dial Corp.,* 551 N.W.2d 309, 311 (Iowa 1996).

> An injury "arises out of" the employment when there is a causal relationship between the employment and the injury. The injury must be a "rational consequence of the hazard connected with the employment." "In the course of" the employment refers to the time, place, and circumstances of the injury.

*Fernandez,* 528 N.W.2d at 128 (citations omitted).

In the case at hand, there is no dispute that Wills' injuries occurred in the course of his employment. Wills was where his employer had directed him to be and was performing his required job duties at the time of his fall. *See Miedema,* 551 N.W.2d at 311 (holding injury occurred in the course of employment when employee was on his employer's premises during normal working hours, and was about to perform his required duties when he unexpectedly strained his back).

Injuries that occur "in the course of" employment do not, however, necessarily "arise out of the employment." *See id.* As noted above, there must be a causal connection between the injury and the employment. "In other words, the injury must not have coincidentally occurred while at work, but must in some way be caused by or related to the working environment or the conditions of ... employment." *Id.* (concluding that despite the fact that the employee's back strain occurred in the course of employment, the fact that the employee strained his back while using the restroom was not a hazard associated with his employment and thus did not arise out of his employment). " 'The injury must be a natural incident of the work[;] ... it must be a rational consequence of a hazard connected with the employment.' " *Id.* (quoting *Cedar Rapids*

*Community Sch. v. Cady,* 278 N.W.2d 298, 299 (Iowa 1979)).

The analysis in the present case is complicated by the fact that the commissioner found that Wills' fall was not precipitated by any condition connected with his employment; rather it was caused by a condition purely personal to Wills—his alcohol withdrawal. Courts from other jurisdictions have held that falls resulting from alcohol withdrawal are idiopathic in nature. *See Evans v. Hara's, Inc.,* 123 Idaho 473, 849 P.2d 934, 940 (1993); *Smith v. Container Gen. Corp.,* 559 So.2d 1019, 1022 (Miss.1990); *Sudduth v. Williams,* 517 S.W.2d 520, 522 (Tenn.1974). *See generally* 1 Arthur Larson, *Workmen's Compensation Law* § 12.11, at 3–356 (1994) [hereinafter *Workmen's Compensation Law*] (referring to falls that originate from a cause personal to the claimant as "idiopathic"). This court has not previously addressed the compensability of idiopathic falls. Consequently, we now consider that issue.

■■■ *B. Compensability of idiopathic falls.* Generally injuries resulting from risks personal to the claimant are not compensable. *See Evans,* 849 P.2d at 940; *Nabisco Brands, Inc. v. Industrial Comm'n,* 266 Ill.App.3d 1103, 204 Ill.Dec. 354, 641 N.E.2d 578, 581 (1994); *In re Compensation of Russ,* 60 Or.App. 292, 653 P.2d 274, 275 (1982); *Workmen's Compensation Law* § 12.00, at 3–349. Courts have, however, recognized an exception to this rule where "the employment contributes to the risk *or* aggravates the injury." *Workmen's Compensation Law* § 12.00, at 3–349 (emphasis added). An example given by Larson in his treatise is an employee who is placed in a position that aggravates the effects of an idiopathic fall, such as a height. *See id.* § 12.11, at 3–351 to 3–355.

■■■ Koehler asserts that, in order to fall within this exception, a claimant must prove that the injuries he sustained were worse as a result of the height from which he fell, than they would have been had he fallen on level ground. Koehler argues that Wills failed to meet this burden of proof because he offered no expert testimony that his injuries were enhanced by the fall from five feet. *See Bradshaw v. Iowa Methodist Hosp.,* 251 Iowa 375, 383, 101 N.W.2d 167, 171 (1960) (holding in negligence suit for personal injuries that "the causal connection between the [claimant's] fall and the subsequent disability is essentially within the domain of expert testimony").

Initially, we note that to adopt Koehler's position would essentially require the claimant to prove what portion of his injuries was caused by the work-related condition—the increased height—and what portion would have been sustained had he fallen at ground level. But such apportionment is not required. As Larson states in his treatise,

> the relative contributions of employment and personal causes are not weighed; the employment factor need not be the greater, but it must be real, not fictitious. When a moderate exertion precipitates a heart attack or back injury, or when a secluded employment setting facilitates a privately motivated murder, who can weigh the causal factors and say that the employment contribution was ten percent and the personal contribution ninety percent? Compensation law attempts no such impossible weighing of intangibles. But it does know the difference between something and nothing, and it rightly requires that the employment contribute something *to the risk,* before pronouncing the injury one arising out of the employment.

*Workmen's Compensation Law* § 12.14(b), at 3–371 (emphasis added). Focusing on whether the employment increases the *risk* of injury is consistent with our discussion in *Miedema* with respect to when an injury "arises out of" the worker's employment. In *Miedema,* the employee injured his back while using the restroom at his place of employment. 551 N.W.2d at 310. In holding that the injury did not arise out

of his employment, we noted that it did not appear "that any condition of his employment exposed him to a *risk or hazard* that would not be associated with using a toilet elsewhere." *Id.* at 311 (emphasis added).

In reviewing cases from other jurisdictions, we find no court that has based compensability on proof by the claimant of the precise injuries that were caused by the workplace condition, such as the elevation from which the claimant fell. Rather these courts have focused on the increased risk of injury, or have concluded summarily that a fall from a height increased the effects of the fall. *See, e.g., ERC Contractor Yard & Sales v. Robertson,* 335 Ark. 63, 977 S.W.2d 212, 216 (1998) (finding a compensable idiopathic fall where "the fall was caused by alcohol withdrawal, ... a condition personal to [the claimant], [because] his placement on scaffolding twelve to fifteen feet above the ground increased the dangerous effect of the fall," with no discussion or determination of the enhanced injuries); *Evans,* 849 P.2d at 940–41 (holding idiopathic fall on a level surface precipitated by an alcohol withdrawal seizure was not compensable under Idaho's workers' compensation law without evidence that some *hazard* in the workplace contributed to the injury); *Stapleton v. Industrial Comm'n,* 282 Ill.App.3d 12, 217 Ill.Dec. 830, 668 N.E.2d 15, 16 (1996) ("If the fall is idiopathic, resultant injuries are not compensable unless the employment significantly contributed to the injury by placing claimant in a position of *greater risk of injury* from falling."); *Elliot v. Industrial Comm'n,* 153 Ill.App.3d 238, 106 Ill.Dec. 271, 505 N.E.2d 1062, 1066–67 (1987) (holding idiopathic fall on steps when leg gave out due to numbness and previous injury was not compensable: "The act of walking down the stairs itself does not establish a *risk* greater than those faced outside of work.... There was no evidence that the stairs themselves were unique to his employment and *increased the danger* of injury." (Emphasis added .)). Our assessment of the law from other jurisdictions finds support from Lar-son in his treatise on workers' compensation law, who concludes that the general rule requires that the employment must contribute to the *hazard* of the fall. *See Workmen's Compensation Law* § 12.14(c), at 3–373 to 3–374.

In conclusion, we hold that it is not necessary for a claimant injured in an idiopathic fall to prove that his injuries were worse because he fell from a height. It is only required that he prove that a condition of his employment increased the risk of injury. In this case, expert testimony was not essential because the fact finder could conclude based on common experience that the risk of injury is greater when one falls from a height of four to five feet onto a concrete floor than when one falls on level ground. *See Howard v. Ford Motor Co.,* 363 S.W.2d 61, 65 (Mo.Ct. App.1962) ("Unquestionably an idiopathic fall from an inherently dangerous height would meet the requirement of a hazard in the employment conditions."). Consequently, the lack of expert testimony in this case with respect to any enhanced injuries sustained by Wills is not fatal. We hold, therefore, that there was substantial evidence to support the commissioner's conclusion that Wills' injuries arose out of his employment with Koehler.

**AFFIRMED.**