Michelle Siegel, individually and on behalf of her minor sons, Timothy and Michael, appeals from a decision of the Common Pleas Court granting summary judgment in favor of the defendants Jozac Corporation, Crazy Horse Men's Club (Crazy Horse) and Zac Azari, the club's manager, arising from her claims for personal injuries and in favor of the Bureau of Workers' Compensation in connection with her work-related claim. With respect to the Jozac Corporation, Crazy Horse and Mr. Azari, Ms. Siegel complains on appeal the court erroneously determined she was not within the scope of her employment at the time of her motor vehicle accident, and with respect to the Bureau, she did not fall within the special hazard or risk exception to the going and coming rule. After a review the record, we reverse the judgment of the trial court.
The record reveals the Crazy Horse had employed Ms. Siegel as a waitress for one year prior to the incident. As part of her job and after she received permission from her manager, she was permitted to order an alcoholic beverage and drink with the patrons who requested her company. On March 26, 1997, she left work after midnight, was escorted to her car by another employee, and shortly thereafter, was involved in a single-car motor vehicle accident. She sustained severe injuries and had a blood alcohol concentration of .30.
On March 23, 1999, Ms. Siegel filed a complaint against Jozac, Crazy Horse and Mr. Azari in Case No. 380664 alleging her injuries and the derivative claims of her children arose from the negligence in serving her alcoholic beverages and in hiring and supervising Mr. Azari. Ms. Siegel filed a second complaint on June 3, 1999 in Case No. 385368 appealing the Industrial Commission's denial of her claim. The trial court then consolidated these cases. On November 18, 1999, Ms. Siegel provided contradictory deposition testimony concerning whether she asked permission every time she ordered a drink for herself, whether she felt intoxicated when she left work and whether she volunteered to leave early or was sent home on the night of the incident.
Thereafter, Jozac, Crazy Horse and Mr. Azari, as well as the Bureau, filed motions for summary judgment, which the court granted. As it related to Jozac, Crazy Horse and Mr. Azari, the court determined Ms. Siegel's voluntary intoxication was not a requirement in the course of employment or arising out of employment. Thus, she had no cause of action against them pursuant to R.C. 4123.02(C). Concerning the Bureau, the court decided Ms. Siegel's case did not fall within an exception to the special hazard rule. Ms. Siegel appeals from those decisions and raises four assignments of error. We will discuss the first, second and fourth assignments of error together. They state:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED IN FINDING AS FACT THAT THE APPELLANT'S JOB DUTIES DID NOT INCLUDE DRINKING ALCOHOLIC BEVERAGES WITH HER EMPLOYER'S CUSTOMERS.
 IV. THE TRIAL COURT ERRED IN HOLDING THAT AN EMPLOYER WHO HELPS AND ENCOURAGES ITS EMPLOYEES TO BECOME INTOXICATED HAS NO DUTY TO PROTECT ITS EMPLOYEES FROM THE RISK OF AN AUTOMOBILE ACCIDENT.
Ms. Siegel argues the court erroneously granted judgment in favor of Jozac, Crazy Horse and Mr. Azari because questions of fact existed concerning whether Ms. Siegel's job duties included the consumption of alcoholic beverages and whether they used reasonable care by allowing an intoxicated employee to drive home. Jozac, Crazy Horse and Mr. Azari maintain the court properly granted judgment in their favor because Ms. Siegel became drunk voluntarily. Thus, the issue here concerns whether the court properly granted summary judgment in this instance.
Regarding summary judgment, Civ.R. 56(C) states in pertinent part:
 *** Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Further, the court in Dresher v. Burt (1996), 75 Ohio St.3d 280 stated:
 *** a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. *** If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden *** to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
In Howard v. Delco Division of General Motors (1987), 41 Ohio App.3d 145, Delco sent Howard, an employee, home from work due to his intoxication. En route, his vehicle collided with a guardrail, and Howard died ten days later from the injuries sustained in the accident. Id. at 146. In reaching its decision not to impose liability on Delco, the court stated at page 148:
 We do not reach the question *** whether an employer in Delco's position owes a duty to the public at large not to send its employee home in a state of intoxication, without protecting against the likelihood that he will get behind the wheel of his automobile and drive home. We merely hold that Delco owed no such duty to its employee.
* * *
 In this case, there is no issue involving Delco's potential liability to fellow employees or to members of the public ***.
Nor did Delco cause Howard to become intoxicated.
However, in this case, we must reach the question the Howard court did not entertain because the Crazy Horse did, in our opinion, cause Ms. Siegel to become intoxicated and sent her onto the highway to drive home. Ms. Siegel's job duties included ordering and consuming alcoholic beverages with the patrons. She stated in her deposition it was her habit to accept drinks from more than one patron, and she could have drinks on many different tables at the same time. The Crazy Horse exclusively realized a profit from Ms. Siegel's duty. It cannot then turn a blind eye when that same employee gets into her vehicle and drives home intoxicated, jeopardizing her life and the lives of other motorists. Thus, we conclude Ms. Siegel became intoxicated in the course and arising out of her employment at the Crazy Horse. Therefore, we reverse the judgment of the trial court, and these assignments of error are well taken.
Next, we turn to the assignment of error advanced by Ms. Siegel pertaining to the Bureau. It states:
 III. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT'S INJURIES DID NOT ARISE IN THE COURSE AND SCOPE OF HER EMPLOYMENT.
Ms. Siegel urges the court erred because she is entitled to participate in the workers' compensation fund under the special hazard rule. The Bureau counters that the court properly determined that exception does not apply to Ms. Siegel because this is not a workers' compensation case. Thus, the issue here concerns whether the court properly granted the Bureau's motion for summary judgment.
We begin by noting in Littlefield v. Pillsbury Co. (1983),6 Ohio St.3d 389, the court stated:
 The determination of whether an injury has occurred in the "course of and arising out of employment" has been aided by the "going and coming" rule. As a general rule where an employee, having a fixed and limited place of employment, sustains an injury while traveling to and from his place of employment, such injury does not evidence the required causal connection to the employment; it therefore does not arise out of and in the course of his employment and is not compensable. (Citations omitted.)
 The "special hazard or risk" exception is a means of avoiding the strict application of the general rule. Accordingly, an employee will be entitled to compensation, if the employment creates a special risk, for injuries sustained in the scope of that risk. ***.
* * *
 Compensation has been allowed for injuries which have occurred off the premises when there has been a causal connection between the injuries and the employment.
We are guided by two cases from our sister jurisdictions. In Panagos v. The Industrial Commission (1988) 524 N.E.2d 1018, 171 Ill. App.3d 12, the court compensated Jasmin Dursun, a professional belly dancer, for injuries sustained in a car accident. The court determined Ms. Dursun's employer encouraged her to drink alcohol purchased by the patrons and the profit made from all drinks went exclusively to the employer.
Further, in 2800 Corp., d/b/a Bottoms Up Lounge v. Fernandez (1995),528 N.W.2d 124, 1995 Iowa Sup. LEXIS 34, where Fernandez was encouraged to motivate customers to buy them drinks [,] [e]ach dancer had a quota of two drinks per hour[,] the court stated:
* * *
 We agree with the commissioner that the "zone of danger" exception is an appropriate exception to the rule when the injuries are caused by intoxication arising out of and in the course of employment. ***.
* * *
 *** Work-related intoxication is a hazard of the employment that follows an employee when he or she leaves work. When an employer encourages or condones excessive drinking on the job and in fact profits from an employee's drinking, as in this case, the employer ought to be held responsible for foreseeable injuries suffered by the employee because of the resulting intoxication.
 *** The extension of the course of employment under the zone of danger exception is limited to the particular hazard which occasioned the injury. ***. Where the danger is work-related intoxication, the exception only applies when the injury suffered is within the zone of danger which intoxication typically creates, such as driving drunk or exercising impaired judgment. The zone of danger is limited to reasonably foreseeable results of the intoxication occurring within a reasonable time. The exception does not extend to circumstances where there is no nexus between the dangers of intoxication and the injury.
In Littlefield, the court uses special hazard whereas in 2800 Corp., the court uses zone of danger. We believe these terms create the same exception to the coming and going rule. In this case, the connection between the job and Ms. Siegel's injuries is her consumption of alcohol with patrons and her employer's approval of it. On the night of the incident, Crazy Horse exclusively profited from her efforts while her BAC rose to three times the legal limit. Further, the resulting car accident occurred within a reasonable amount of time of Ms. Siegel's departure from work. This case fits within the exception to the coming and going rule. Therefore, we conclude the Bureau cannot now deny Ms. Siegel's claim, and she is entitled to workers' compensation benefits. This assignment of error is well taken, and the judgment of the trial court is reversed.
Judgment reversed.
It is ordered that appellants recover of appellees their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., CONCURS MICHAEL J. CORRIGAN, J., DISSENTS (SEE DISSENTING OPINION ATTACHED).
 _________________________________ JAMES J. SWEENEY, JUDGE: