# IN THE COURT OF APPEALS OF IOWA

No. 18-1637
Filed November 27, 2019

**JOSEPH ANDREW LEEPER,**
    Petitioner-Appellant,

**vs.**

**PIONEER HI-BRED INTERNATIONAL, INC., a/k/a DUPONT PIONEER,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.

The claimant appeals from the district court's ruling on judicial review affirming the Workers' Compensation Commissioner's denial of permanent disability benefits. **AFFIRMED.**

Mark S. Soldat of Soldat & Parrish-Sams, PLC, West Des Moines, for appellant.

James M. Ballard of Ballard Law Firm, PLLC, Waukee, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Joseph Leeper appeals from the district court's ruling on judicial review affirming the Workers' Compensation Commissioner's denial of permanent disability benefits. The deputy workers' compensation commissioner found:

> . . . Leeper argues that he sustained permanent impairment as a result of the work injury because even after the surgeries he had ongoing symptomatology. In support of this position he, in part, relies on the opinions of Dr. Kuhnlein [retained by Leeper to perform an independent medical evaluation (IME)]. Dr. Kuhnlein is the only expert in this matter who has assigned any permanent impairment to Leeper as a result of the work injury. As previously, noted Dr. Kuhnlein opined that "there was no objective basis upon which to assign impairment." However, he did assign 1 percent impairment to each upper extremity based on chapter 18 of the AMA Guides. According to chapter 18 of the AMA Guides there is a specific protocol for assessment which permits physicians to reach conclusions about pain-related impairment. Unfortunately, Dr. Kuhnlein did not reveal what, if any, of the protocols he used when arriving at his impairment rating. Dr. Kuhnlein merely states, "I would assign a 1% right upper extremity impairment for the pillar pain. I would also assign a 1% left upper extremity impairment for the pillar pain." Because Dr. Kuhnlein failed to disclose the protocol or basis for the assessment of impairment I do not find Dr. Kuhnein's opinion regarding permanent impairment to be persuasive.
>
> Furthermore, the record as a whole does not support a finding of permanency. Neither orthopaedic surgeon, Dr. Gaffey or Dr. Paulson [both treating doctors], assigned any permanent impairment to Leeper. Nor did either treating doctor assign any permanent restrictions to Leeper. As previously noted Dr. Kuhnlein was the only physician to assign any permanency and for the reasons set forth above I did not find his opinion with regard to permanency to be persuasive. Therefore, I find claimant has failed to carry his burden of proof to show by a preponderance of the evidence that the August 27, 2013, work injury was the cause of permanent Impairment. [References omitted].

Rehearing was denied and the deputy's decision was affirmed by the Commissioner. Leeper appealed to the district court. On judicial review, the district court found:

Here, the evidence supports Deputy Pals' ultimate conclusion that the record as a whole does not support a finding of permanency. Deputy Pals stated the evidence she relied upon and specified the reasons for her conclusions. More specifically, she noted that [Leeper] reported to Dr. Gaffey at his last exam that he was doing well. While Dr. Gaffey advised [Leeper] to perform home exercises to improve his strength and to wear his night splints, Dr. Gaffey released [Leeper] to full-duty work, without restriction. Likewise, Dr. Paulson released [Leeper] to full-duty work, without restriction. Further, Dr. Paulson noted that [Leeper]'s pain symptoms were nearly completely resolved and that [Leeper]'s motion and sensation were normal. For these reasons, coupled with her determination regarding Dr. Kuhnlein's impairment rating, Deputy Pals found that [Leeper] had failed to prove by a preponderance of the evidence that his work injury was the cause of permanent impairment. Substantial evidence supports Deputy Pals' decision and; therefore, she did not err by not awarding any permanent partial disability compensation. [footnotes omitted].

Leeper appeals.

On a petition for judicial review, Iowa Code section 17A.19(10) governs our review of an agency's decision. *See Ghost Player, LLC v. Iowa Dep't of Econ. Dev.*, 906 N.W.2d 454, 462 (Iowa 2018). "The district court may properly grant relief if the agency action prejudiced the substantial rights of the petitioner and the agency action fits one of the enumerated criteria included in Iowa Code section 17A.19(10)(a)-(n)." *Id.* "In reviewing the decision of the district court, we must apply the standards set forth in Iowa Code section 17A.19(10) to determine whether we reach the same result as the district court." *Kopecky v. Iowa Racing & Gaming Comm'n*, 891 N.W.2d 439, 442 (Iowa 2017).

Determining whether to accept or reject an expert opinion is within the "peculiar province" of the agency. *See Deaver v. Armstrong Rubber Co.*, 170 N.W.2d 455, 464 (Iowa 1969). But that "deference afforded the agency on substantial evidence review is predicated on the assumption the agency reviewed

and considered the evidence in reaching its decision." *JBS Swift & Co. v. Hedberg*, 873 N.W.2d 276, 281 (Iowa Ct. App. 2015). When we review a factual finding for substantial evidence, we must judge the finding "in light of all the relevant evidence in the record cited by any party that detracts from that finding as well as all of the relevant evidence in the record cited by any party that supports it." Iowa Code § 17A.19(10)(f)(3); *see also Cedar Rapids Cmty. Sch. Dist. v. Pease*, 807 N.W.2d 839, 845 (Iowa 2011). "Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion." *2800 Corp. v. Fernandez*, 528 N.W.2d 124, 126 (Iowa 1995).

As he did at the district court, Leeper cites many paragraphs of Iowa Code section 17A.19(10) as grounds for reversal of the agency's denial of benefits. Leeper's central claim is that the agency disregarded "the extensive evidence of subjectively-manifested pain"—his own "sworn lay testimony" and documents where he was noted of having complained about pain in the past. Upon our intensive review of the record, we reach the same determination as the district court—the agency's factual finding that Leeper failed to establish a permanent impairment is supported by substantial evidence when the record is viewed as a whole.

Although a trier of fact might conclude Leeper sustained a permanent impairment of one percent based on Leeper's testimony and Dr. Kuhnlein's opinion, our task on appeal is not to determine whether the evidence supports a different finding; our task is to determine whether substantial evidence supports the finding made. *See Pease*, 807 N.W.2d at 845. In doing so, this court abstains from making "a determination as to whether evidence 'trumps' other evidence or

whether one piece of evidence is 'qualitatively weaker' than another piece of evidence." *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007).

In the agency decision, the deputy commissioner, affirmed by the commissioner, did not find Dr. Kuhnlein's opinion that Leeper suffered a one-percent permanent impairment persuasive, noting "Dr. Kuhnlein failed to disclose the protocol or basis for the assessment of impairment." The deputy instead relied on the opinions of the treating doctors who found no permanent impairment. The deputy noted those doctors treated Leeper after his 2013 injury and therapy. Those doctors' records referenced Leeper's own reports that he was doing well, that Leeper "denied any significant numbness or tingling or any other difficulty" and "symptoms were acute and had improved." Both doctors returned Leeper to full duty without work restrictions and placed him at maximum medical improvement. The treating doctors' records and opinions constitute substantial evidence to support the deputy's finding that Leeper failed to establish he had a permanent impairment.

Leeper further argues "the district court erred by treating any failure to prove the paragraph section 17A.19(10)(f) ground as automatically precluding consideration of any other section 17A.19(10) grounds." But Leeper's other asserted grounds depend on us accepting his central claim—that the agency "failed to weigh Leeper's sworn lay testimony, particularly the testimony which conflicted with the unsworn statements in the records of [the treating doctors]." Because we conclude the deputy weighed that evidence and did not find it persuasive, Leeper's remaining arguments lack merit.

Having considered all arguments set forth in this appeal, whether or not specifically mentioned in this opinion, we affirm the district court's ruling on judicial review affirming the agency's denial of permanent disability benefits under Iowa Court Rule 21.26.

**AFFIRMED.**