# IN THE COURT OF APPEALS OF IOWA

No. 15-0222
Filed November 12, 2015


**TYSON FOODS, INC.,**
　　　　Plaintiff-Appellee,

**vs.**

**YAWA TAMEKLO,**
　　　　Defendant-Appellant.
_____


　　　　Appeal from the Iowa District Court for Polk County, Richard G. Blane II,

Judge.


　　　　A worker's compensation claimant appeals from a district court ruling on

judicial review.  **REVERSED AND REMANDED.**


　　　　H. Allan Sturgeon, Sioux City, for appellant.

　　　　Timothy A. Clausen of Klass Law Firm, L.L.P., Sioux City, for appellee.


　　　　Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

In this appeal of a workers' compensation decision, we must determine whether the decision was supported by substantial evidence.

## I.      *Background Facts and Proceedings*

Yawa Tameklo sustained a work-related injury to her right shoulder while trimming dirty meat off cow carcasses as they proceeded down an assembly line at Tyson Foods, Inc.  After conservative treatment failed to alleviate her pain, Tameklo underwent surgery, known as "subacromial decompressive acromioplasty with bursectomy."  Within eleven days, she was placed on light-duty work.  Tameklo returned to full-duty work eight weeks after the surgery.

The pain in Tameklo's right shoulder did not abate.  In fact, she experienced more pain than she did pre-surgery.  Eventually, a physician diagnosed her with "avascular necrosis," described in part as a narrowing of the joint space with particulate debris.

Tameklo petitioned for workers' compensation benefits.  Tyson countered that the necrosis was not work-related.  Following an arbitration hearing, a deputy workers' compensation commissioner found "that the avascular necrosis condition [was] related to [Tameklo's] work injury."  The deputy awarded Tameklo healing period benefits.  On intra-agency appeal, the commissioner upheld the award, as well as the deputy's findings, applications of law to fact, and conclusions of law.  A subsequent application for rehearing was denied.

Tyson sought judicial review.  The district court reversed the agency decision, finding insubstantial evidence to support the commissioner's

determination of a causal connection between the injury and Tameklo's employment. Tameklo appealed.

## II.    Substantial Evidence

Our resolution of this appeal is controlled by our standard of review, which all concede is for substantial evidence.  *See* Iowa Code § 17A.19(10)(f) (2011). While we are obligated to conduct a

> fairly intensive review of the record to ensure that the [agency's] fact finding is itself reasonable, . . . [w]e do not . . . engage in a scrutinizing analysis, for if we trench in the lightest degree upon the prerogatives of the commission, one encroachment will breed another, until finally simplicity will give way to complexity, and informality to technicality.

*Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 525 (Iowa 2012) (citation and internal quotation marks omitted).  It is true the Iowa Administrative Procedure Act requires us to judge agency fact findings "in light of all the relevant evidence in the record cited by any party that detracts from that finding as well as all of the relevant evidence in the record cited by any party that supports it."  Iowa Code § 17A.19(10)(f)(3).  However, we are not allowed to make a determination "as to whether evidence trumps other evidence or whether one piece of evidence is qualitatively weaker than another piece of evidence."  *Arndt v. City of Le Claire*, 728 N.W.2d 389, 394 (Iowa 2007) (internal quotation marks omitted).

To receive workers' compensation benefits, a claimant must prove the injury arose out of and in the course of the claimant's employment.  *See St. Luke's Hosp. v. Gray*, 604 N.W.2d 646, 652 (Iowa 2000).  An injury "arises out of" employment if there is a causal connection between the employment and the injury.  *Id.*

As noted, the commissioner—through his adoption of the deputy commissioner's arbitration decision—found a causal connection between Tameklo's avascular necrosis and her employment. The commissioner cited the following evidence: (1) an opinion from the physician who performed the prior surgery that he believed Tameklo's "current problem" was "linked to her work related injury," but further investigation and management was required, (2) an opinion from a second physician stating "[i]t is difficult to know if [the avascular necrosis] is related to her work related injury or not," and (3) medical literature proffered by a physician who conducted an independent medical examination.

Tyson argues the first two physicians did not conclusively find a causal connection and the findings in the article presented by the third physician were based on a different surgery than Tameklo underwent, involving patients with different underlying medical issues. We agree. But, our agreement does not mandate reversal.

The first physician, Dr. Sherman, diagnosed possible avascular necrosis just eight months after the surgery and stated, "[w]e need to obtain a diagnosis to see whether this is related to her surgical intervention and her injury at work or whether it is not." He ruled out other possible causes such as a fall, injections, illness, or other joint problems. His subsequent opinion did not foreclose a causal connection between the injury and work.

The second physician, Dr. Johnson leaned toward an "idiopathic" or personal cause of the injury.[1] However, like Dr. Sherman, he did not conclusively

---

[1] "Idiopathy" is defined as "1. a disease of unknown origin or cause; a primary disease. 2. A disease for which no cause is known." The American Heritage Dictionary 639 (2d

rule out a causal connection with Tameklo's employment, notwithstanding multiple opportunities to do so.

We are left with the independent medical evaluation performed by the third physician, Dr. Bansal. His opinion that Tameklo's avascular necrosis was work-related was not based on the journal article alone. After reviewing and summarizing the pertinent medical records, he found a cumulative aggravation of her original work-related shoulder injury when she returned to full-duty work. He stated,

> In this case, you have an individual that presents with avascular necrosis shortly after arthroscopic surgery to only that shoulder. There was no evidence of the avascular necrosis at the time of the surgery. The avascular necrosis did not occur to any other parts of the body, including the opposite shoulder. . . . The dots seem to connect pretty convincingly in my medical opinion.

Setting aside the journal article, these statements amount to substantial evidence in support of the agency's finding of a causal connection. *See Hill v. Fleetguard, Inc.*, 705 N.W.2d 665, 671-73 (Iowa 2005) ("If the finding was excised from the commissioner's decision, there are still numerous factual findings to support his conclusion. The use of one unsupported finding was not prejudicial to Hill's substantial rights."). Indeed, neither Dr. Sherman nor Dr. Johnson refuted these portions of Dr. Bansal's opinion.

We conclude the agency's finding of a causal connection between Tameklo's avascular necrosis and her employment was supported by substantial evidence. To the extent the determination involves application of law to fact, we conclude it is not irrational, illogical, or wholly unjustifiable. *See* Iowa Code

---

College ed. 1985). "Generally injuries resulting from risks personal to the claimant are not compensable." *Koehler Elec. v. Wills*, 608 N.W.2d 1, 4 (Iowa 2000).

§ 17A.19(10)(m); *Lakeside Casino v. Blue*, 743 N.W.2d 169, 177 (Iowa 2007). We reverse the district court's judgment and remand for entry of a judgment affirming the commissioner's decision.

**REVERSED AND REMANDED.**